IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  19-CR-27-G

JAMES TIMPANARO,

Defendant.

---

## PLEA AGREEMENT

The defendant, JAMES TIMPANARO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 1038a.(1) (false information and hoaxes) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, as part of the sentence in this case, the Court must order reimbursement to any state or local government, or private not-for-profit organization, that provides fire or rescue service that incurred expenses incident to any



emergency or investigative response to the conduct underlying the offense of conviction, for such expanses, pursuant to Title 18, United States Code, Section 1038(c)(1). The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that the defendant intentionally conveyed false or misleading information;

   b. that the information was conveyed under circumstances in which such information may reasonably have been believed; and

   c. that the information indicated that an activity had taken, was taking, or would take place that would constitute a violation of Title 18 United States Code, Section 844(f)(1) (attempt to damage or destroy, by means of a fire or an explosive, any building or real property owned, possessed or leased to the United States).

2

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about, **October 26, 2018**, the defendant placed one apparent explosive devices near the front door of the Buffalo Police Department (BPD) station house, located at 1847 South Park Avenue, Buffalo, New York, and placed a second similar-type device in the back of the same Police Station. Both devices had all the features of a homemade explosive-type bomb, with protruding wires wrapped around a pipe-like instrument. These devices were safely secured by the Erie County Sheriff's Department's bomb squad, ATF, and the Federal Bureau of Investigation, but later determined to be "clear of hazard." (a non-hazardous devices). But for this expert determination, both devices appeared to be real explosive devices.

   b. Thereafter, on or about, **October 27, 2018**, the defendant placed another apparent explosive device near the fornt of the United States Postal Service, located at 2061 South Park Ave, Buffalo, NY. This Post Office is a building owned, leased, or possessed by the United States. This device, had all the features of a homemade explosive-type bomb, with protruding wires wrapped around a pipe-like instrument, with screws and nails. This device also contained a note stating, "RESIST COMMUNISM, THE POLICE STATE AND THE DEMOCRATIC PARTY." This device was also safely secured by the Erie County Sheriff's Department's bomb squad, ATF, and the Federal Bureau of Investigation, and later determined to be "clear of hazard." (non-hazardous device). But for this expert determination, the device appeared to be a real explosive device.

   c. The defendant's action caused a disruption to the public as well as to the governmental, and public services of the Buffalo Police Department, and the United Postal Service. Further, such actions casued the Buffalo Police, the FBI, the the ATF to expend a considerable amount of funds to respond and secure the scenes, and investigate the offenses.

   c. On November 2, 2018, the FBI, and Buffalo Police executed a search warrant at the defendant's residence, located at 46 Richfield Ave., Buffalo, New York. During the search, several items and materials, including broom stick handles, shavings, wires, and other materials consistent with the fake bombs were found. The defendant was then questioned, and admitted to making the fake bombs, and placing them at the Buffalo Police stationhouse, and the United States Post Office.

3

d.  The defendant further admits that had the devices been real, his actions would have constituted an attempt to commit a violation of Title 18, United States Code, Section 844(f)(1).

## III.  SENTENCING GUIDELINES

6.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.  The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provide for a base offense level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.  The government and the defendant agree that the following specific offense characteristic does apply:

a.  the **four**-level increase pursuant to Guidelines § 2A6.1(b)(4) (substantial disruption of public, governmental, or business functions or services, or substantial expenditure of funds to respond to the offense).

### ADJUSTED OFFENSE LEVEL

9.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **16**.

4

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **13**.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is **III**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of **13** and criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **18 to 24 months**, a fine of **$5,500 to $55,000**, and a period of supervised release of **1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

17.     At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

18.     The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

7

20. At sentencing, the government will move to dismiss the open count of the Indictment in this action pending against the defendant.

### VII. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution ordered in accordance with paragraph 2 of this agreement.

22. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

24.  This plea agreement represents the total agreement between the defendant, JAMES TIMPANARO, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____ for
JOEL L. VIOLANTI
Assistant United States Attorney

Dated:  August 15, 2019

I have read this agreement, which consists of pages 1 through 10.  [9 BTC FOR JT]  I have had a full opportunity to discuss this agreement with my attorney, Fonda Kubiak, Assistant Federal Public Defender.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
JAMES TIMPANARO
Defendant

_____
FONDA KUBIAK, AFPD
Attorney for the Defendant

Dated:  August 15, 2019

Dated:  August 15, 2019

9